COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Joe Ray Alvarez v. The State of Texas

Appellate case number:    01-13-00368-CR

Trial court case number:   600516

Trial court:                       176th District Court of Harris County

On March 20, 2014, appellant, Joe Ray Alvarez, filed a fourth motion for extension of time to file appellant's brief in the above-referenced appeal. We deny the motion and abate the appeal.

The complete record was filed in this appeal on August 19, 2013. Appellant's brief, therefore, was due on September 18, 2013. *See* TEX. R. APP. P. 38.6(a). On September 26, 2013, appellant's counsel, Patti Sedita, filed a motion for extension of time to file appellant's brief, and the time to file the brief was extended to November 17, 2013. On November 20, 2013, counsel filed a second motion for extension, and the time to file appellant's brief was extended to November 20, 2013. On December 23, 2013, the Clerk of this Court notified appellant that his brief was late and, absent a satisfactory response within 10 days, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant responded by filing a third motion for extension of time on January 6, 2014. This Court granted the motion, extending the deadline to file appellant's brief to March 20, 2014, and notifying appellant that no further extensions would be granted absent extraordinary circumstances. On March 20, 2014, appellant's counsel filed a fourth motion for extension of time to file appellant's brief, requesting an extension to April 4, 2014. Appellant has not shown extraordinary circumstances for extending the time to file appellant's brief to April 4, 2014, a date that is more than six months after the original due date.

We, therefore, deny appellant's March 20, 2014 motion for extension of time, abate the appeal, and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Patti Sedita, shall be present. TEX. R. APP. 38.8(b)(2). At the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication

The trial court is directed to:

(1)     determine whether appellant wishes to prosecute the appeal;

(2)     if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Patti Sedita of her duties as appellant's counsel;

(3)     if good cause exists, enter a written order relieving Patti Sedita of her duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4)     make any other findings and recommendations the trial court deems appropriate; and

(5)     enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2013); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
                    ☒  Acting individually     ☐  Acting for the Court


Date:  April 8, 2014

---

of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.